## MANN v. BROWN.

PATENTS; INTERFERENCE; APPEAL AND ERROR.

Where, in an interference proceeding, the Commissioner of Patents, although he might have made an award of priority, did not do so, but rejected the claims of one of the applicants on reference to former patents, and referred them to the Primary Examiner for further action, and then on petition of the applicant, and to remove a doubt entertained by the applicant as to his right to appeal to this court, denied his claims corresponding to the counts of the issue, it was *held* that no appeal would lie from the Commissioner's decision, as it did not necessarily amount to an award of priority in the interference, and it could not be treated as an *ex parte* appeal from a decision rejecting an application for a patent, as the claims of the applicant had not been twice rejected by the Primary Examiner as required by sec. 4909, Rev. Stat., Comp. Stat. 1913, § 9454, as a condition precedent to an appeal. (Following *Re Fullagar*, 32 App. D. C. 222, and distinguishing *Moore* v. *United States*, 40 App. D. C. 591, and citing *Westinghouse* v. *Duncan*, 2 App. D. C. 131; *Allen* v. *United States*, 26 App. D. C. 8; *Union Distilling Co.* v. *Schneider*, 29 App. D. C. 1; *Moore* v. *Heany*, 34 App. D. C. 31; *Re Selden*, 36 App. D. C. 428; *Oosper* v. *Gold*, 36

App. D. C. 302; *Gold* v. *Gold*, 34 App. D. C. 229; *Moore* v. *United States*, 40 App. D. C. 201, and *Rotter* v. *Hodgkinson, ante,* 254).

No. 939.   Patent Appeals.   Submitted January 12, 1915.   Decided
April 19, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding and on a motion to dismiss the appeal for want of jurisdiction.

*Motion granted and appeal dismissed.*

The facts are stated in the opinion.

*Mr. Albert G. Davis, Mr. John F. Bartlett,* and *Mr. Alexander D. Lunt* for the appellant.

*Mr. E. Hayward Fairbanks* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding.   The appellant, Arthur S. Mann, filed an application October 5, 1907, for patent for a device which relates to draft regulator for boiler furnaces.   An interference was declared between this application and a patent to Francis H. Brown, which issued during the pendency of Mann's application.

Evidence was taken and Brown moved to dissolve the interference.   There were six claims involved.

The Primary Examiner, to whom the motion was referred, held that Mann was entitled to make five of the claims, but denied his right to make the sixth one.   The Examiners in Chief, on the appeal of Brown, held that Mann was not entitled to make claim six.   The Examiner of Interferences decided the question of priority in favor of Brown.   On appeal to the Commissioner he did not decide the question of priority, but, taking up Mann's claims, held that the date established by Mann does

not overcome the date of the Quinn patent or the date of filing the Johnson patent. Mann's claims were rejected and referred to the Primary Examiner for further action in the light of this opinion. No award of priority was made.

Mann then filed the following petition:

"Referring to the decision of the Commissioner of Patents in the above-entitled interference, dated February 17, 1914, it is respectfully requested, in order that there be no possible doubt of the right of the applicant to appeal to the court of appeals of the District of Columbia, that the Commissioner, if he be now of the opinion that claims corresponding to the counts of the issue of the above-entitled interference are not patentable to the applicant, now enter in the application a final order refusing to the applicant a patent containing such claims."

The petition was granted by the Commissioner, who finally ordered that he be denied the claims in the language of any part of the issue. Mann appealed from this decision, assigning the following reasons of appeal:

1. The Commissioner erred in finding that Mann was not entitled to make claims corresponding to the counts of the interference or any of said counts.

2. The Commissioner erred in finding that there was no interference in fact between the application of Mann and the patent to Brown.

3. The Commissioner erred in not finding that Mann was the first inventor of the subject-matter defined in the counts of the interference issue or any of said counts.

4. The Commissioner erred in not awarding priority of invention to Mann as to all of the counts of the issue of the above-entitled interference.

5. The Commissioner erred in finally refusing the grant of a patent, on the application of Mann, containing as claims the counts of the interference issue.

The appellee has moved to dismiss the appeal for want of jurisdiction. This court has held that its jurisdiction in appeals from the Patent Office is strictly limited to two classes of cases, defined in *Re Fullagar,* 32 App. D. C. 222, 228, as

follows: "The first is where the claims of an applicant for a patent or the reissue of a patent, after having been twice rejected, have been finally rejected on an appeal to the Commissioner in due course of procedure. The second is where, on an appeal to the Commissioner in an interference proceeding, there has been a final decision of priority in favor of one of the parties thereto. Rev. Stat. secs. 4909–4911; Comp. Stat. 1913, secs. 9454, 9455; *Westinghouse* v. *Duncan,* 2 App. D. C. 131, 132; *Allen* v. *United States,* 26 App. D. C. 8, 17, 26; *Union Distilling Co.* v. *Schneider,* 29 App. D. C. 1."

Had the Commissioner awarded priority to Brown on the ground that Mann had no right to make the claims, an appeal would lie to this court from that decision. Had this been the substantial and necessary effect of his decision, the court would look to that and entertain jurisdiction. *Moore* v. *Heany,* 34 App. D. C. 31; *Re Selden,* 36 App. D. C. 428, 431; *Cosper* v. *Gold,* 36 App. D. C. 302, 308.

But the Commissioner declined to hold that Mann was not entitled to make the claims, and hence his decision did not necessarily amount to an award of priority.

The appellant, instead of moving the Commissioner to make an award of priority, asked that his claim be denied.

The issue was converted into one of patentability, and the attempt has been made to convert this into an *ex parte* appeal. But can it be regarded as an *ex parte* appeal? Before this court can take jurisdiction of an *ex parte* appeal to pass upon the question of patentability, certain statutory conditions must be complied with. Section 4909, Rev. Stat. provides: "Every applicant for a patent or for the reissue of a patent, any of the claims of which have been twice rejected, and every party to an interference, may appeal from the decision of the Primary Examiner, or of the Examiner in charge of interferences in such case, to the Board of Examiners in Chief.". Section 4910 provides for appeal from the Board of Examiners in Chief to the Commissioner of Patents, and sec. 4911 provides for an appeal from the decision of the Commissioner of Patents to this court.

It will be observed that there must be at least a substantial

compliance with these legal requirements before this court can assume jurisdiction to determine the question of patentability. That the claim of the applicant for a patent shall have been twice rejected by the Primary Examiner is jurisdictional and a condition precedent to any right of appeal whatever. Such rejection has not been made in this case, and it cannot be substituted by an order of rejection by the Commissioner.

It is urged that this case is controlled by the decision of this court in the case of *Moore* v. *United States,* 40 App. D. C. 591, but we find no difficulty in distinguishing that case. That was an *ex parte* proceeding involving the patentability of an invention. The claims were rejected by the Primary Examiner under sec. 4909. Appeal was taken to the Board of Examiners in Chief, where the decision of the Primary Examiner was reversed. Acting under the direction of the Commissioner, the Primary Examiner made an additional investigation and cited to the Commissioner additional patents showing the alleged invention to be old, whereupon the Commissioner took the case from the Board of Examiners in Chief, and approved the action of the Primary Examiner. On hearing, the Commissioner decided that, notwithstanding the protest of the applicant and his contention that the decision of the Board of Examiners in Chief was final, relator was not entitled to a patent, and finally disallowed the claims. We held that from such an order in an *ex parte* proceeding, appeal would lie to this court.

It will be observed that there no attempt was made to shift from one statutory proceeding to another. The case had proceeded in the orderly course provided, until it was ready for the Commissioner in his general supervisory power to pass upon the question of patentability.

It is true that there was evidence in the case from which the Commissioner could have made the award of priority, but he did not consider it, but, taking up Mann's claims on the references to former patents, held that he was not entitled to a patent. Such a decision does not necessarily adjudicate the question of priority. *Gold* v. *Gold,* 34 App. D. C. 229, 236, 238; *Moore*

v. *United States,* 40 App. D. C. 201; *Rotter* v. *Hodgkinson,* present term [*ante,* 254].

The sole question decided was that of patentability, and Mann's claims were rejected on that ground.

The case we think is governed by the ruling in *Re Fullagar,* 32 App. D. C. 222.

As the claims have not been twice rejected, the motion to dismiss must be sustained.                    *Dismissed.*

A petition for rehearing was denied May 8, 1915.